UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE CLARK,<br>　　　　Petitioner,<br>　　v.<br>SHAWN HATTON, Warden,<br>　　　　Respondent. | NO. CV 17-5857-JVS (AGR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state inmate, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired for the first three claims in the four-claim petition. It further appears that the fourth claim is subject to summary dismissal.

The court therefore orders Petitioner to show cause on or before *September 29, 2017* why the court should not recommend dismissal of the petition with prejudice.

# I.

# PROCEDURAL BACKGROUND

In 2008, after a bench trial, a Ventura County court found Petitioner guilty of forcible rape and rape with a foreign object, and found true various allegations. He was sentenced to 25 years to life plus six years in state prison. (Petition at 2;[1] see *People v. Clark*, 2008 WL 5395730, *1 (2008).)

On December 3, 2008, the California Court of Appeal affirmed. (*Id.*) Petitioner indicates that he filed a Petition for Review with the California Supreme Court and requests judicial notice. (Petition at 3.) The court takes judicial notice of online records in the state's Appellate Courts Case Information database, *available at* http://appellatecases.courtinfo.ca.gov. However, the online docket indicates that no petition for review was filed.

After seven years, on January 3, 2017, Petitioner filed a habeas petition in the trial court, which denied relief. (Petition at 3-4.) On February 14, 2017, he filed a habeas petition before the California Court of Appeal in Case No. B280701. On February 28, 2017, the court denied the petition and directed the Superior Court to amend Petitioner's indeterminate abstract of judgment "to reflect that 'Defendant was sentenced pursuant to' Penal Code section 667.61."[2]

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the header.

[2] As reflected in the online docket, the court ruled as follows:

THE COURT: In reviewing Willie Ray Clark's petition for a writ of habeas corpus, we have taken judicial notice of the appellate court record in *People v. Clark*, Second District Court of Appeal, Division Six, Case No. B206382. (Evid. Code, §§ 452, subd. (d), 459.) We direct the clerk of the superior court to amend Clark's indeterminate abstract of judgment by checking the box "PC 667.61" in number 8, to reflect that "Defendant was sentenced pursuant to" Penal Code section 667.61. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We deny the petition for writ of habeas corpus. (*People v. Duvall* (1995) 9 Cal.4th 464, 475.)

(Petition at 4; *see* Docket, *In re Clark*, Case No. B280701, *available at* http://appellatecases.courtinfo.ca.gov.)

On April 3, 2017, Petitioner presented the same habeas claims to California Supreme Court, which summarily denied relief on May 24, 2017. (Petition at 4-5; *see* Docket, *In re Clark*, Case No. S241011, *available at* http://appellatecases.courtinfo.ca.gov.)

On August 2, 2017, Petitioner constructively filed the current petition. (*See* Petition, back of envelope.)

## II.

## STATUTE OF LIMITATIONS: GROUNDS ONE THROUGH THREE

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The Court must analyze the statute of limitations on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

### A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)

Because Petitioner did not file a petition for review with the California Supreme Court, his conviction became final 40 days after the California Court of Appeal's December 3, 2008 decision, i.e., on January 12, 2009. *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). Absent tolling, the statute of limitations expired one year later on January 12, 2010.

#### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed

1 application for State post-conviction or other collateral review with respect to the
2 pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  Petitioner is not
3 entitled to statutory tolling because he did not file a state habeas petition until
4 after the limitations period had already expired.  *Ferguson v. Palmateer*, 321 F.3d
5 820, 823 (9th Cir. 2003).

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida*, 560 U.S. 631, 634(2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  *Id.* at 653 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"' and '"the extraordinary circumstances" were the cause of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim.  28 U.S.C. § 2244(d)(1)(D).  The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner

4

realizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

In his first three grounds for relief, Petitioner argues that: (1) his sentence was unlawful because his conduct constituted an indivisible course of conduct; (2) the sex-crime statutes under which he was convicted are unconstitutionally vague; and (3) ineffective assistance of counsel in unspecified ways for failure to raise these issues. (Petition at 9-11.) Petitioner was aware of the factual predicates of his first three claims – his sentence, the jury instructions governing the statutes under which he was convicted and his counsel's failure to raise these issues – no later than the date on which his conviction became final. He is not entitled to a later start date for his AEDPA limitations period.

Accordingly, the first three grounds for relief appear to be barred by the statute of limitations.

### III.

### **GROUND FOUR APPEARS SUBJECT TO SUMMARY DISMISSAL**

In Ground Four, Petitioner argues that the California Court of Appeal violated his due process rights by "amend[ing] the sentence outside" of his presence. (Petition at 11.)

A criminal defendant's right to be present applies in criminal proceedings in which the defendant is confronting witnesses or evidence against him, *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam), or to "any stage of the criminal proceeding that is critical to its outcome if [the defendant's] presence would contribute to the fairness of the procedure," *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).

By contrast, it is a "well-established conclusion[]" that a criminal defendant has "no right to be present during appellate proceedings[.]" *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000) (*citing Schwab v. Berggren*, 143 U.S. 442 (1892)). The same reasoning applies to the

California Court of Appeal's order on state habeas correcting the abstract of judgment to reflect that Petitioner was sentenced pursuant to Cal. Penal Code § 667.61. "It is well settled that '[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." *People v. Jones*, 54 Cal. 4th 1, 89 (2012). The appellate court "has the inherent power to correct such clerical error" in the abstract of judgment on its own motion or on application of a party. *Id.* On direct appeal, the California Court of Appeal recited that the trial court, after a bench trial, found true the allegations that Petitioner committed the sexual offenses during the commission of a burglary, Petitioner personally used a dangerous or deadly weapon in the commission of the present offenses and Petitioner engaged in the tying or binding of the victim in the commission of the present offenses under Cal. Penal Code § 667.61(e)(2), (3) and (5). *Clark*, 2008 WL 5395730, *1. Petitioner's presence could not have contributed to the fairness of the procedure to correct the abstract of judgment, and his presence could not have affected the outcome.

Ground Four appears subject to summary dismissal.

## IV.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that on or before ***September 29, 2017,*** Petitioner shall show cause why the court should not recommend dismissal of the petition with prejudice.

**If Petitioner fails to respond to this order to show cause by September 29, 2017, the court will recommend that Grounds One, Two, and Three of**

**the Petition be dismissed based on expiration of the one-year statute of limitations, and that Ground Four be summarily dismissed.**

DATED: August 29, 2017

_____
ALICIA G. ROSENBERG
United States Magistrate Judge